# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SHERONE LONG,

      Plaintiff,

v.

SOMERSET COUNTY JAIL,

      Defendant.

Civ. No. 18-13007 (FLW) (LHG)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Sherone Long ("Long" or "Plaintiff"), is proceeding *pro se* with this Complaint asserting violations of his civil rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) On November 7, 2018, the Court granted Long leave to proceed *in forma pauperis*. (ECF No. 7.) The Court now screens the Complaint under 28 U.S.C. § 1915(e). For the reasons stated herein, Long's Complaint as a whole is dismissed without prejudice for failure to state a claim upon which relief may be granted, and his claims are dismissed with prejudice insofar as they are asserted against the Somerset County Jail.

## II. PROCEDURAL BACKGROUND

When he filed his Complaint, Long was being held as a pretrial detainee at the Somerset County Jail, and his claims concern the circumstances of his detention there. (*See* ECF No. 1.) Long, a practicing Muslim, claims that defendant, the Somerset County Jail, violated his right to free exercise of religion under the First Amendment. (*Id.*) Specifically, Long alleges that the Jail did not permit obligatory Jumu'ah prayer services on Fridays, provided insufficient accommodations for Ramadan, served Muslim detainees meals that were kosher instead of halal,

and did not provide prayer rugs, kufis, or prayer oils.  (*See* ECF No. 1 at 5–6.)  Long does not specify what relief he seeks with his Complaint.[1]

Long's Complaint was initially terminated due to defects in his application to proceed *in forma pauperis*.  (*See* ECF Nos. 3–5.)  Long subsequently submitted a proper *in forma pauperis* application, and the action was reopened.  (ECF Nos. 6–8.)  Long also recently notified the Court that he is no longer detained at the Somerset County Jail.  (ECF No. 9.)  The Court now undertakes a screening of Long's Complaint under 28 U.S.C. § 1915(e)(2)(B).

### III.  THE SCREENING STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B).  The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).  That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[1] In the "Relief" section of the form Complaint, Long simply wrote the word "open."  (*See* ECF No. 1 at 6.)

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Personal involvement by a defendant in an alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Pleading supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

3

>     judicial officer for an act or omission taken in such officer's
>     judicial capacity, injunctive relief shall not be granted unless a
>     declaratory decree was violated or declaratory relief was
>     unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

To establish a violation of the Free Exercise Clause of the First Amendment, a prisoner plaintiff must first show that a prison practice or policy has substantially burdened the practice of the prisoner's religion. *See Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017). Once a substantial burden on religious exercise is shown, the policy or practice is invalidated if it is not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Garraway v. Lappin*, 490 F. App'x 440, 445 (3d Cir. 2012).

Long names the Somerset County Jail as the only defendant to this action. (*See* ECF No. 1.) Although a county may be liable under § 1983, a county jail is not a proper defendant under § 1983.[2] *See Barrett v. Essex Cty. Corr. Facility*, Civ. A. No. 15-595, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject

---

[2] Even if this Court were to consider the defendant to be Somerset County, a local government entity which may be sued under § 1983, the claim would fail. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ingram v. Atl. Cty. Justice Fac.*, Civ. A. No. 10-1375, 2011 WL 65915, at *3 (D.N.J. Jan. 7, 2011) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Here, Long has not properly alleged a *Monell* claim against Somerset County.

to suit under § 1983."); *see also Ingram v. Atl. Cty. Justice Fac.*, Civ. A. No. 10-1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011). As such, the Court will dismiss Long's claims with prejudice as to the Somerset County Jail, as that entity is not a proper defendant to a § 1983 claim.[3]

Long's allegations do make mention of Deputy Warden Roger C. Delin ("Delin"), although the Complaint does not explicitly identify him as a defendant. (*See* ECF No. 1.) Long merely alleges that he "reached out to [Delin] concerning Islamic services," and that Long "was told when [he] complained of not having Jumu'ah Prayer on Fridays we were afforded the visit of an Imam on Saturdays." (*Id.* at 5–6.) Long also alleges that when he "reached out" regarding Ramadan, that "he responded telling me how they are going to run Ramadan." Even assuming all references to "he" mean Delin, these allegations are insufficient to show personal involvement by Delin in any alleged denial of First Amendment rights. At most, Long simply pleads that Delin told him of jail policies; he does not allege that Delin was personally responsible for the creation of such policies or customs. (*See id.*) Similarly, Long's allegation that he was "told by staff here kosher and halal are just alike" does not suffice to plead a claim against any specific defendant.

Additionally, Federal Rule of Civil Procedure 8 requires a pleading to contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). As already noted herein, Long has not identified any specific relief that he seeks by way of his Complaint. (*See* ECF No. 1 at 6.) While it could

---

[3] Instead, a plaintiff must sue the specific government officials who allegedly violated his civil rights. Long should note that government officials may not be held vicariously liable for the actions of their subordinates under a theory of *respondeat superior* in a § 1983 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009). Municipalities and other municipal defendants likewise cannot be held vicariously liable under § 1983. *Id.* at 676; *see also Monell*, 436 U.S. at 691. Because § 1983 claims do not permit recovery for vicarious liability, Plaintiff must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

be inferred from Long's claims that he may seek an injunction, his release from the Somerset County Jail renders any injunctive relief as to the conditions there moot, and thus unavailable. *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206–07 (3d Cir. 1993); *see also Hennis v. Varner*, 544 F. App'x 43, 45 (3d Cir. 2013). Furthermore, the Third Circuit has held that the PLRA, 42 U.S.C. § 1997e(e), bars compensatory damages for mental or emotional injuries, including those stemming from violations of a prisoner's Free Exercise rights.[4] *See Allah v. Al-Hafeez*, 226 F.3d 247, 250–53 (3d Cir. 2000). Long has not pleaded any other sort of compensable injury. The importance of specifying the relief sought, under Rule 8, is particularly important here, where two of the most common forms of civil relief—injunctive relief and compensatory damages—appear to be precluded. For these reasons, Long's Complaint is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## VI. CONCLUSION

For the reasons explained above, Long's Complaint as a whole is dismissed without prejudice and his claims insofar as asserted against the Somerset County Jail are dismissed *with prejudice*. Long has leave to file an amended complaint to include factual allegations that cure the deficiencies identified herein within 30 days from the date of the accompanying Order.

DATED: March 4, 2019                  /s/ Freda L. Wolfson
                                                            FREDA L. WOLFSON
                                                            United States District Judge

---

[4] This provision of the Prisoner Litigation Reform Act applies to Long because that section explicitly applies to "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Long specifically indicated in his Complaint that he was a pretrial detainee at the time of filing. (ECF No. 1 at 2.)